IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JACOB GAVIN HILES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CABLE NEWS NETWORK, INC.,<br><br>　　　　　Defendant. | Case No. 2:23-cv-351-AWA-LRL |

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT

Defendant Cable News Network, Inc. ("CNN"), by and through undersigned counsel, hereby submits this Response in Opposition to the Request for Clerk's Entry of Default (ECF No. 17) (the "Request") filed by Plaintiff Jacob Hiles.  There is no basis to enter default, because CNN timely filed a Motion to Dismiss Hiles's Amended Complaint (ECF No. 12), and that Motion remains pending.  Judges in this District uniformly have rejected the argument that Hiles makes in support of his Request (and the Court of Appeals has affirmed rulings by those judges), and this Court should adopt that consensus view and resolve this case on the merits.

## BACKGROUND

The following section offers a condensed statement of facts particularly relevant to adjudicating Hiles's request for default.  A more detailed account of the factual background and procedural history of this matter can be found in the Memorandum of Law in Support of CNN's Motion to Dismiss Hiles's Amended Complaint ("Mem.") (ECF No. 12-1).

On January 15, 2021, the Department of Justice filed a three-count Criminal Complaint against Hiles in the U.S. District Court for the District of Columbia, charging him in connection

with the riot at the U.S. Capitol on January 6, 2021.  Mem. at 4.  According to the Statement of Facts that federal prosecutors filed in support of that Criminal Complaint, on the morning of the riot, Hiles posted a selfie-style photograph on Facebook with the caption, "Feelin cute…might start a revolution later, IDK – in Capitol Hill."  *Id.* at 4-5.  Hiles later pleaded guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building.  *Id.* at 5-6.

On October 15, 2021, CNN published an online news report titled *US Capitol Police officer indicted on obstruction of justice charges in connection with January 6* (the "CNN Report").  Though focused on newly unsealed charges against a U.S. Capitol Police Officer, the CNN Report also noted that the officer had communicated after the riot with Hiles, and CNN reported on Hiles's "Feelin cute…might start a revolution later" Facebook post.  Mem. at 7-8.

Hiles filed this lawsuit against CNN over the CNN Report in Virginia state court on October 14, 2022, one day before the statute of limitations on his defamation claim expired.  *Id.* at 8.  Hiles did not serve the original complaint until approximately eight months later, however, and at that point CNN timely removed the case to this Court.  *See* Notice of Removal (ECF No. 1).  CNN then moved to dismiss the original complaint for failure to state a claim.  *See* CNN's Mot. to Dismiss (ECF No. 5).  Prior to doing so, and pursuant to Local Civil Rule 7(E), CNN consulted with Hiles's counsel regarding the bases for its motion.  *Id.* at 2.

Rather than respond to that motion, Hiles filed the now-operative Amended Complaint (ECF No. 9).  On August 28, 2023, CNN timely filed a Motion to Dismiss the Amended Complaint (ECF No. 12).  Prior to filing the motion, CNN again consulted with Hiles's counsel regarding the bases for its motion, but, despite representing that they would respond prior to the intended date of filing, Hiles's counsel failed to provide any response.  *Id.* at 2.  Hiles then timely filed a Response in Opposition to CNN's Motion to Dismiss (ECF No. 15), and CNN timely filed a Reply in Further Support of its Motion to Dismiss (ECF No. 16) on September 18, 2023.

No further entries appeared on the docket in this matter until Hiles filed his Request on January 19, 2024, in which he argues that CNN failed to satisfy Local Civil Rule 7(E) by not setting the Motion to Dismiss the Amended Complaint for hearing or arranging for it to be resolved on the papers. *See generally* Request. Hiles's counsel did not confer with CNN's counsel before filing his Request. Upon seeing it, however, CNN's counsel promptly conveyed to Hiles's counsel that the Request is baseless, for the reasons discussed below, and asked that it be withdrawn. CNN also subsequently filed a Notice (ECF No. 18) that it seeks a ruling on its Motion to Dismiss the Amended Complaint on the papers.

**ARGUMENT**

Hiles fails to provide any valid basis for entry of default against CNN. CNN timely moved to dismiss Hiles's Amended Complaint and that motion has not been withdrawn under the Local Rules and this Court's Procedure for Civil Motions. Moreover, even if the Clerk were to enter default, this Court should promptly set it aside given the "strong preference" in this Circuit that "defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

**I.     CNN's Motion To Dismiss Hiles's Amended Complaint Remains Pending.**

Hiles does not dispute, nor could he, that CNN timely moved to dismiss his operative Amended Complaint. Hiles's argument that default should nevertheless be entered against CNN rests on a flawed reading of this District's Local Rules and has been soundly rejected in other cases. As an initial matter, however, Hiles has waived the argument because he failed to timely raise it. *See Kenny v. Bank of Am., N.A.*, 2011 WL 13234444, at *2 (E.D. Va. Dec. 22, 2011) (Allen, J.) ("[T]o the extent to which Rule 7(E) might apply, it is waived by [plaintiff's] failure to timely raise the issue.") (citing *Vuyyuru v. Jadhav*, 2011 WL 3841823 (E.D. Va. Aug. 30,

3

2011), for proposition that "'the non-moving party cannot sit on his rights and complain that the moving party failed to' comply with Rule 7(E) 'months after the Rule 7(E) time limit expired'").

But even if the Court were disinclined to resolve this on the basis of waiver, Hiles's argument is meritless. According to Hiles, CNN did not satisfy Local Civil Rule 7(E) because CNN did not notice for hearing, or for decision without hearing, its Motion to Dismiss Plaintiff's First Amended Complaint within 30 days of its filing. Request ¶ 5. But by its own terms, Local Rule 7(E) can be displaced by court order. *See* L. Civ. R. 7(E) (stating that its requirements apply "[e]xcept as otherwise provided by an order of the Court" or "[u]nless otherwise ordered"). This Court's Procedure for Civil Motions is such an order because, unlike Local Rule 7(E), it does not impose a deadline for the moving party to "advise the Clerk's Office by 'Notice' whether a ruling or determination based upon the briefs alone (without oral argument) is desired." *See* ECF No. 3 at 1. Because CNN has now filed such a Notice, *see* ECF No. 18, CNN has complied with this Court's requirements, which in turn satisfies Local Rule 7(E).[1] CNN's Motion to Dismiss Hiles's Amended Complaint therefore remains pending, and Hiles has no basis to seek entry of default.

Moreover, even if CNN had failed to comply with Local Rule 7(E), judges of the Eastern District of Virginia uniformly have rejected the argument Hiles makes for defaulting CNN. *See, e.g.*, *Babakaeva v. PTR Invs., Inc.*, 2022 WL 807381, at *1 n.2 (E.D. Va. Feb. 11, 2022) (granting defendants' motions to dismiss and rejecting plaintiffs' argument that those motions should be "deemed withdrawn" for failure to timely set them for hearing, because even if

---

[1] To the extent the Court intended its Procedure for Civil Motions to include either the deadline set forth in Rule 7(E) or any other deadline, undersigned counsel accept responsibility for and apologize for their misunderstanding of it, which was unintentional and not attributable to CNN. In any event, for reasons discussed below in text, such an error does not provide a basis for entry of default against CNN.

"[d]efendants failed to timely comply with Local Civil Rule 7(E), the Court, in the interests of justice, hereby excuses any such untimeliness"), *aff'd*, 2022 WL 17103767 (4th Cir. Nov. 22, 2022); *U.S. ex rel. IGW Elec., LLC v. Scarborough*, 2013 WL 286264, at *1 (E.D. Va. Jan. 24, 2013) (rejecting plaintiff's argument that defendant should be defaulted for "failure to timely request, or waive, oral argument on [d]efendant's motion to dismiss" where the Court's standing procedure for civil motions deviates from the Local Rules, and further declaring that even if the standing procedure "is insufficient to qualify as an 'Order' that varies from the Local Rule, . . . the withdrawal provision set forth in Local Rule 7(E) is inapplicable in this case"); *Norfolk Dredging Co. v. City of Chesapeake*, 2007 WL 2126293, at *5 (E.D. Va. July 20, 2007) (granting defendant's motions to dismiss and rejecting plaintiff's request that those motions "be deemed withdrawn," where "neither defendant had set this matter for hearing within thirty days after filing of their motions to dismiss," on the grounds that the Court could order "that the defendants need not set the matter for hearing" and "that oral argument is unnecessary").  Indeed, as the court observed in *Marathon Resource Management Group, LLC. v. C. Cornell, Inc.*, where it "declined to enter a procedural default for an alleged failure to request a hearing the Court found unnecessary," to force the court to "enter default on such grounds[] would 'elevate form over substance' and defeat the purpose of the Local Rules in providing for orderly and effectual litigation."  2020 WL 6370987, at *5 (E.D. Va. Oct. 29, 2020).

Hiles, who fails entirely to acknowledge *any* of the foregoing contrary authorities in his Request, offers no reason why this Court should reject the consensus view that default is inappropriate in these circumstances.  His request for entry of default should likewise be denied.

II.     **Any Default Should Be Set Aside.**

Even if the Clerk were to enter default on the basis of Hiles's Request, this Court should promptly set that default aside.  In the Fourth Circuit, "[w]hen deciding whether to set aside an

5

entry of default, a district court should consider [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). All of these factors weigh in favor of setting aside entry of default against CNN here. *See, e.g.*, *Adkins v. Ritz-Carlton Hotel Co.*, 2023 WL 6192737, at *1 (E.D. Va. Aug. 14, 2023) (setting aside default where defendant "filed a Motion to Dismiss but failed to set or waive a hearing pursuant to Local Rule 7(E)" and where that "failure to set or waive a hearing ultimately led to the motion being withdrawn pursuant to Local Rule 7(E) and the Clerk entering default"), *aff'd*, 2023 WL 8230512 (4th Cir. Nov. 28, 2023).

**First**, CNN has multiple meritorious and dispositive defenses in this case, as set out in the briefing in support of its Motion to Dismiss the Amended Complaint. *See* Mem. at 12-26.[2]

**Second**, CNN has acted with reasonable promptness. Hiles filed his Request late on Friday afternoon, and CNN has filed this opposition on the next business day. *See Burton v. TJX Cos.*, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) ("District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside.").

**Third**, CNN bears no personal responsibility here. Any error was solely the fault of undersigned counsel. *See, e.g.*, *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir.

---

[2] Those defenses are: **(1)** Virginia's fair report privilege protects CNN's reporting because CNN fairly and accurately quoted from and reported about information included in court records, *see* Mem. at 12-15; **(2)** Hiles cannot claim that CNN's truthful reporting conveyed the allegedly false implication that he personally attacked people or otherwise carried out acts of physical harm at the Capitol, because CNN's reporting does not reasonably convey that implication and because nothing in the reporting reasonably suggests that CNN intended or endorsed such an implication, *see id.* at 19-23; and **(3)** Hiles has not plausibly alleged that CNN published the challenged statements with actual malice fault, as Virginia law requires here, *see id.* at 23-26.

6

1987) (no "personal responsibility" is borne by the defaulting party where delay "was on the part of the attorney").

**Fourth**, Hiles has suffered no prejudice from these circumstances, and would suffer none from setting aside a default. *See Colleton Preparatory Acad.*, 616 F.3d at 418 ("In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party.").

**Fifth**, CNN has no history of dilatory action in this case. To the contrary, it is Hiles who (1) waited until one day before the expiration of the statute of limitations to file this lawsuit; (2) waited another 8 months after filing the lawsuit to serve CNN; and (3) waited more than 100 days after the date on which he claims CNN was required to notice its motion to raise this issue.

**Sixth**, and finally, the Fourth Circuit "has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *see also, e.g.*, *Jackson v. Dameron*, 2023 WL 8115569, at *4 (W.D. Va. Nov. 22, 2023) ("Under the circumstances presented, where there is no history of dilatory action or evidence of prejudice, the court finds that the less drastic sanction of a warning to the defendants that deadlines must be heeded in the future will suffice.") (cleaned up). Such a warning would be an appropriate lesser sanction in these circumstances.

In sum, all of "the relevant factors weigh in favor of setting aside default" even if the Clerk were to enter such a default against CNN. *Adkins*, 2023 WL 6192737, at *1.

## CONCLUSION

For the reasons set forth above, CNN respectfully requests that Hiles's Request for entry of default be denied, or, if the Clerk were to enter default, that the Court promptly set it aside.

Dated: January 22, 2024                    Respectfully submitted,

                                                         BALLARD SPAHR LLP

                                                         By:   */s/ Jay Ward Brown*
                                                               Jay Ward Brown (Va. Bar No. 34355)
                                                               Maxwell S. Mishkin (*pro hac vice*)
                                                               Lauren Russell (*pro hac vice*)
                                                               1909 K Street NW, 12th Floor
                                                               Washington, DC 20006
                                                               (202) 508-1136
                                                               brownjay@ballardspahr.com
                                                               mishkinm@ballardspahr.com
                                                               russelll@ballardspahr.com

                                                  *Attorneys for Defendant Cable News Network, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd of January, 2024, I caused a copy of the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all interested parties.

>  */s/ Jay Ward Brown*
> Jay Ward Brown (Va. Bar No. 34355)
> 1909 K Street NW, 12th Floor
> Washington, DC 20006
> (202) 508-1136
> brownjay@ballardspahr.com