IN THE DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

CASE NO. 2:23-CV-351-AWA-LRL

JACOB GAVIN HILES,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

Plaintiff, Jacob Gavin Hiles ("Plaintiff"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 55(a), Local Rule 7(E), and this Court's Procedure for Civil Motions ("Court's Procedures"), hereby files this Reply to Defendant's Response to Plaintiff's Request for Entry of Default against Defendant, Cables News Network, Inc. ("Defendant"), and in support thereof states:

**INTRODUCTION**

Defendant has noted in this litigation that "[t]he classic example of *chutzpah* is 'a young man, convicted of murdering his parents, who argues for mercy on the ground that he is an orphan.'" Def. Mot. to Dismiss, Pt. V ("Preliminary Statement") (quoting *Harbor Ins. Co. v. Schnabel Found. Co.*, 946 F. 2d 930, 937 n.5 (D.C. Cir. 1991)) (ECF No. 12-1). Defendant has now provided two excellent examples of *chutzpah*—Defendant's latest filing is the second. *Id.*

(Note: Defendant's "Response to Plaintiff's Request for Entry of Default" is hereinafter referred to as Defendant's Motion to Set Aside Default).

Defendant argues that this Court's Procedures are apparently a court order that displaces Local Rule 7(E) including the 30-day time limit imposed on every party that files a motion. More specifically, this rule affords 30 days for the moving party to meet and confer with opposing counsel and either arrange to set the motion for hearing or to have the motion decided on only the briefs. Defendant specifically takes the position that because the Court's Procedures do not explicitly repeat the same 30-day time limit that appears in Local Rule 7(E)—although the procedures do reference Local Rule 7 in the very first sentence—Defendant had infinite time pursuant to this Court's Procedures to conduct a meet and confer as well as to set the motion for hearing or otherwise arrange with the Court for it to be ruled on without hearing. Naturally, this makes no sense especially considering this case is pending in the Eastern District of Virginia—the most efficient trial court in the country.

Defendant also assumes this position while—either knowingly or unwittingly—admitting that Defendant has been aware this whole time of the requirements imposed by Local Rule 7(E) (which is cited twice in Defendant's since-withdrawn Motion to Dismiss) as well as Defendant's obligations as the moving party under the Court's Procedures. Although it is certainly true that the Court's Procedures do not list a specific time limit for performing the tasks described in Local Rule 7(E), the Court's Procedures do make clear that: "**It is incumbent upon counsel for the moving party** to confer with opposing counsel and then advise the Clerk's Office by 'Notice' whether a ruling or determination based upon the briefs alone (without oral argument) is desired." (ECF No. 3).

Nonetheless, Defendant tries to blame the results of its own dilatory tactics and inattention on Plaintiff by further arguing that Plaintiff waived any right to enforce Local Rule 7(E) and cannot suddenly "ambush" Defendant months later by requesting the clerk enter a default after Defendant continued to not participate in this litigation—and, by its own admission, did so intentionally. As with the others raised in Defendant's Motion to Set Aside Default, this argument also makes no sense considering Defendant's other arguments at the same time acknowledge that Defendant was aware of Local Rule 7(E) and the Court's Procedures from the outset of this case. Notably, this also makes sense because Defendant unilaterally removed this case from state court to the Eastern District of Virginia and, presumably, would not have done so unless very familiar with the rules and procedures of this Court. Nevertheless, Defendant apparently believes that the Court's Procedures permitted such dilatory tactics while recognizing at the same time Local Rule 7(E) certainly does not.

Finally—and perhaps most significantly—Defendant spends most of its Motion to Set Aside Default attempting to paint Plaintiff in bad light and make it appear as though Plaintiff suffered no harm due to Defendant's deliberate delay. Furthermore, while Defendant also makes clear that it refuses to accept any responsibility for the consequences of its own bad-faith tactics, Defendant fails to address or proffer any evidence of a meritorious defense that is necessary to establish "good cause" for the Court to even begin considering whether the impending default should be set aside. Accordingly, the Court should deny Defendant's Motion to Set Aside Default ("Defendant's Response to Plaintiff's Request for Entry of Default") and direct the clerk to enter a default in accordance with Fed. R. Civ. P. 55(a).

**MEMORANDUM OF LAW**

Fed. R. Civ. P. 55(a) "authorizes the entry of default by the Clerk when 'a party against whom a judgment for affirmative relief is sought' has 'failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . .'" *Harper v. Barbagallo*, 2015 WL 4934749, at *3 (W.D. Va. 2015) (quoting Fed. R. Civ. P. 55(a)). More specifically, Rule 55(a) states that where these requirements are met and a party requests a default, "the clerk **must** enter the party's default." *Id.* Where, as in this case, a party's request for default is pending and the adverse party files a response in opposition—which is not provided for under the Federal or Local Rules—the Court should view the response as a motion to set aside a default and "utilize the 'good cause' standard provided in Rule 55(c)" to determine if grounds exist for setting aside the default. *Cline v. HSBC Bank USA, N.A.*, 2017 WL 5617510, at *2 (W.D. Va. Oct. 25, 2017).

This determination "lies largely within the discretion of the trial judge [whose] action is not lightly to be disturbed by an appellate court." *Payne ex rel. Estare of Calzada v. Brake*, 439 F. 3d 198, 205 (4th Cir. 2006) (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.,* 383 F. 2d 249, 251 (4th Cir. 1967)). The Fourth Circuit has, indeed, held that "[t]here is not abuse of discretion in denying such a motion unless it clearly appears that the District Court was clearly wrong in finding that good cause had not been shown for setting aside the default." *Consoliddated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F. 2d 249, 251 (4th Cir. 1967). However, the Fourth Circuit has instructed that the following six factors in should be considered by the trial courts when making this determination: "(1) whether the moving party has a meritorious defense; (2) whether the moving party acts with reasonable promptness; (3) the defaulting party's culpability . . . for the default; (4) the prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability and effectiveness of less

drastic sanctions." *Mullinex v. John Crane, Inc.*, 636 F. Supp. 3d 622, 625 (E.D. Va. 2022) (citing *Payne*, 439 F. 3d at 204-05 (4th Cir. 2006)).

*Meritorious Defense*

The first factor—a meritorious defense—"requires a proffer of evidence" by the defaulting party "which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F. 2d 808, 812 (4th Cir. 1988). This serves to address any underlying concerns that the outcome of the case "after a full trial [would] be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F. 2d 808, 812 (4th Cir. 1988) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure § 2697*, p. 531 (2d ed. 1983)). Notably, this Court recently held that "[t]he 'meritorious defense' and 'reasonable promptness' factors are given the most weight" of the six in this analysis. *Shandong Reltex Leihua, Co., Ltd. v. Ison International, LLC*, WL 8586381, at *3 (E.D. Va. Jan. 30, 2023)

This is confirmed in other decision as well, which demonstrate that where a defaulting party causes substantial delays and then fails to proffer *any* evidence of a meritorious defense when moving to set aside a default—as has occurred with Defendant in this case—the trial judge should find that there is no meritorious defense and deny the motion on this basis alone. *See Bank of New York Mellon v. Joyner*, 2018 WL 11510994 (E.D. Va. 2018) ("[T]he defaulting parties have shown no meritorious defense and on that ground alone the motion for leave to file late answer to complaint can be denied."); *Hill v. Belk Stores Services, Inc.*, WL 1200093, at *2 (W.D. Car. 2007) ("Counsel for Hill fails to show that her failure to respond was anything but a lack of diligence and fails to present any sort of meritorious defense that could overcome an entry of default judgment."); and *Red Light Management, Inc. v. Dalton*, 315 F.R.D. 65, 73 (W.D. Va. 2016)

5

(denying motion to set aside default where defendant "delayed substantially without presenting *any* evidence regarding a meritorious defense . . . instead relying on a purely legal argument . . . .").

This Court has also noted that while the defaulting party "need not prove his meritorious defense by a preponderance of the evidence," the party must proffer sufficient evidence that "if believed, would permit a court or jury to find for the defaulting party." *Shandong Reltex Leihua, Co., Ltd. v. Ison International, LLC*, WL 8586381, at *3 (E.D. Va. Jan. 30, 2023). Moreover, this Court has noted in prior holdings that "[t]he burden for proffering a meritorious defense is not onerous," but must support the meritorious defense(s) raised by the defaulting party, which, in turn, must "allege[] specific facts beyond simple denials or conclusory statements.'" *Id.* (quoting *Pinpoint IT Servs., LLC v. Atlas IT Exp. Corp.*, 812 F. Supp. 2d 710, 724 (E.D. Va. 2011)).

Where the defaulting party fails to meet this requirement as Defendant has done in this case, the district courts of Virginia—and most others in the Fourth Circuit—have consistently denied a motion to set aside a default finding "it makes little sense to set aside the entry of default, as doing so would merely delay the inevitable." *Parks v. Discount Box and Pallet, Inc.*, 2013 WL 662951, at *5 (W.D. Va. Feb. 22, 2013) ("Indeed, the meritorious defense factor of Rule 55(c)'s 'good cause' analysis is fundamental to the determination because absence of meritorious defenses makes relief from default pointless."); *see also Bank of New York Mellon v. Joyner*, 2018 WL 11510994 (E.D. Va. 2018) ("[T]he defaulting parties have shown no meritorious defense and on that ground alone the motion for leave to file late answer to complaint can be denied."). For the same reason, this Court should deny Defendant's Motion to Set Aside Default, which similarly fails to proffer *any* evidence supporting or demonstrate any meritorious defense.

As mentioned in the introduction of this brief, the case law provides that Defendant's filing currently before this court, while labeled a "Response to Plaintiff's Request for Default," instead functions as a motion to set aside default because neither the Federal nor Local Rules provide for a response in opposition to a request for a clerk's default made pursuant to Fed. R. Civ. P. 55(a). *Automobili Lamborghini S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 386 (E.D. Va. 2020); *see also* E.D. Va. Loc. Civ. R. P. 72 ("Any objection to a Magistrate judge's order on a non-dispositive matter pursuant to Fed. R. Civ. P. 72(a) shall be considered a motion and is subject to the briefing and notice requirements on Local Civil Rule 7 or as otherwise ordered by the Court."). As a result, Defendant's Motion to Set Aside Default should be summarily denied as Defendant's failure to proffer *any* evidence is dispositive.

Notwithstanding this fatal defect, Defendant's arguments in the Motion to Set Aside Default are also insufficient to demonstrate "good cause" for setting aside the impending default. For example, Defendant argues that Plaintiff "does not dispute, nor could he, that [Defendant] timely moved to dismiss his operative Amended Complaint." Def. Resp. at 3 (ECF No. 17). This is clearly false. Plaintiff's entitlement to a default arises from Defendant's Motion to Dismiss being withdrawn on September 29, 2023, and Defendant's failure to subsequently file any responsive pleadings or otherwise defend this action despite being familiar with the requirements in Local Rule 7(E) and its obligations set forth in this Court's Procedures. *See* Fed. R. Civ. P. 55(a).

Plaintiff also identifies Defendant's failure to comply with Local Rule 7(E) as the basis for its Request for Default in both the request (para. 1 – 8) and in the attached affidavit (para. 4(A)-(K)). In short, both reflect that Plaintiff seeks a default pursuant to Fed. R. Civ. P. 55(a) "[a]s a result of Defendant's inaction and failure to comply with the meet and confer requirements and scheduling procedures imposed by Local Rule 7(E) . . ." (ECF 17, 17-1).  Hence, Plaintiff not only

disputes the timeliness of Defendant's withdrawn Motion to Dismiss—but correctly does so as the motion was deemed withdrawn months ago and Defendant has not filed any pleadings or otherwise defended this action since. Additionally, Defendant also admittedly been aware of this the entire time as is borne out by the statements in Defendant's latest filing.

With respect to Defendant's second argument—i.e., that Plaintiff seeks a default based "on a flawed reading of this District's Local Rules," Def. Resp. at 3 (ECF No. 19)—this, too, is devoid of any merit and belied by the Local Rules and this Court's Procedures. Beginning with the rules, Local Rule 1, Section A ("Application") addresses when the Local Rules apply to cases pending before this Court. *See* E.D. Va. Loc. R. Civ. P. 1. The pertinent portions of that section state: "These Local Rules . . . **shall apply in all civil actions and civil proceedings in the United States District Court for the Eastern District of Virginia.**" E.D. Va. Loc. R. Civ. P. 1(A). The next section in Local Rule 1, Section B ("Statutory Rules"), then provides that 1 U.S.C. §§ 1-5 "shall, as far as applicable, govern the construction of these Local Rules." E.D. Va. Loc. R. Civ. P. 1(B). Furthermore, Section C of the same rule ("Effective Date of Amendments") also emphasizes that the Local Rules "**shall govern all proceedings**" commenced after they take effect (i.e., 2020) and "insofar as just and practicable, all then pending proceedings." E.D. Va. Loc. R. Civ. P. 1(C).

The language in Local Rule 7 is equally clear and reflects that the requirements imposed in the subsections of that rule apply to and/or govern all dispositive and non-dispositive motions filed in this Court. This is apparent from the title, which lists motions, pleadings, continuances, and orders as among the items addressed. *See* E.D. Va. Loc. R. Civ. P. 7. Nonetheless, Defendant argues that Plaintiff has apparently failed to appreciate the scope of the rule or some other unknown complexity that limits its application in this case. More specifically, Defendant takes this position with respect to the hearing and scheduling requirements in Local Rule 7(E), which reads:

8

> "Except as otherwise provided by an order of the Court or by the Local Rules, all motions shall be made returnable to the time obtained from and scheduled by the Court for a hearing thereon. The moving party shall be responsible to set the motion for hearing or to arrange with opposing counsel for submission of the motion without oral argument. Unless otherwise ordered, a motion shall be deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within thirty (30) days after the date on which the motion is filed. The non-moving party also may arrange for a hearing. Before endeavoring to secure an appointment for a hearing on any motion, it shall be incumbent upon the counsel desiring such hearing to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement. In the absence of any agreement, such conference shall be held in the office of the attorney nearest the Court in the division in which the action is pending. In any division that has a regularly scheduled motions day, the motion should be noticed for the first permissible motions day. The hearing date of motions for summary judgment is also governed by Local Rule 56."

E.D. Va. Loc. R. Civ. P. 7(E)

To summarize, Local Rule 7(E) provides that "[t]he moving party shall be responsible to set the motion for hearing or to arrange with opposing counsel for submission of the motion without oral argument." E.D. Va. Loc. R. Civ. P. 7(E). The rule also makes clear that "a motion **shall be deemed withdrawn** if the movant does not set it for hearing (or arrange to submit it without a hearing) within thirty (30) days after the date on which the motion is filed." *Id.* Local Rule 7(E) further reflects that "[b]efore endeavoring to secure an appointment for a hearing on any motion, it shall be incumbent upon the counsel desiring such hearing to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement." *Id.* The rule also advises that "[i]n any division that has a regularly scheduled motions day, the motion should be noticed for the first permissible motions day." *Id.*

The Court's Procedures (ECF 3) serve to then supplement the rule with instructions on how a party must either set a motion for hearing or arrange for the motion to be decided on the papers consistent with the obligations imposed by Local Rule 7(E). This is apparent from the first sentence

9

in the procedures, which begins: "**Pursuant to Local Rule 7** . . . ." *Id.* (ECF No. 3). The instructions listed in the Court's Procedures then continue by repeating essentially the same language and requirements in Local Rule 7(E) stating in relevant part: "After all briefs pertaining to a non-discovery motion are filed, **it is incumbent upon counsel for the moving party** to confer with opposing counsel and then advise the Clerk's Office by 'Notice' whether a ruling or determination based upon the briefs alone (without oral argument) is desired." *Id.* The last two paragraphs of the Court's Procedures then further advise that any requests for oral arguments on a motion must "be electronically filed with the Clerk's Office." *Id.*

Again, despite the plain language and the clear requirements laid out in Local Rule 7(E) and this Court's Procedures, Defendant somehow contends—albeit, disingenuously—that "[t]his Court's Procedures for Civil Motions is . . . an order" that "displaces" the requirements in Local Rule 7(E) and "does not impose a deadline for the moving party to 'advise the Clerk's Office by 'Notice' whether a ruling or determination based upon the briefs alone (without oral argument) is desired." Def. Resp. at 4 (ECF No. 17). This is a patently absurd position and especially ridiculous coming from Defendant's counsel, who is a Virginia-licensed attorney that has litigated in the Eastern District of Virginia for nearly three decades including while representing other media defendants in similar defamation cases.[1]

As Defendant's counsel knows full well—and as obvious from the face of the Court's Procedures, which does not include a case caption, signature block, or even the word "order" anywhere in the text—the Fourth Circuit and Virginia courts have long-distinguished between a judge's rules and procedures and court orders. *See National Bondholders Corporation v. McClintic,* 99 F. 2d 595, 600 (4th Cir. 1938). The language in Local Rule 7(E) clearly refers to the

---

[1] Ballard Spahr, People: Jay Ward Brown, available at:
https://www.ballardspahr.com/people/attorneys/b/brown-jay (Jan. 23, 2024).

latter as it is common for judges in the Eastern District of Virginia and in most district courts to enter scheduling orders that include deadlines and dates for completing discovery and filing pre-trial motions. In fact, the Eastern District of Virginia publishes a set of Pretrial Procedures online, which explicitly states that the "Local Civil Rules, applicable in all three divisions, provide that . . . not later than one hundred and twenty (120) days after service of the complaint, the Court shall enter an order fixing the cut-off dates for the respective parties to complete . . . discovery . . . a final pretrial conference and . . . the trial date." *Id.*

The Pretrial Procedures also state that "the parties and their counsel are bound by the dates specified in the court's initial pretrial order and no extension or continuance shall be granted in the absence of showing good cause."[2] Additionally, the Pretrial Procedures emphasize that "[m]ere failure on the part of counsel to proceed promptly with the normal processes of discovery shall not constitute good cause for an extension or continuance" and, furthermore, quote the meet-and-confer language in Local Rule 7(E) stating: "Before endeavoring to secure an appointment for a hearing on any motion, it shall be incumbent upon the counsel desiring such hearing to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement. LCR7(E). (**This directive** is repeated in more or less the same form in LCR 37(E) dealing with discovery motions.)." *Id.* (quoting E.D. Va. Loc. R. Civ. P. 7(E) ).

The Pretrial Procedures then list in bullet-point form each requirement in Local Rule 7(E) on the next page. *Id.* For example, the third bullet point discusses the meet-and-confer requirement in Local Rule 7(E) by again noting that parties must conduct a conferral "in person or by telephone" before noticing a motion for hearing. The fifth bullet point addresses the notice

---

[2] *Eastern District of Virginia Pretrial Procedures*, Local Rule Provisions, pg. 1, available at: https://www.uscourts.gov/sites/default/files/loren_kieve_eastern_district_of_va_pretrial_procedures.pdf

requirement for motions to be set for hearing or decided on the briefs and reads: "A party is required to notice the motion for hearing on a specific date. The court will then hear the motion and promptly decide it (or decide it on the papers, also promptly)." *Id.* (emphasis added). Finally, the Pretrial Procedures advise that judges in the Norfolk division will issue their own pretrial order similar to the one displayed on pages 4 and 5 of the Pretrial Procedures—which looks nothing like the Court's Procedures at issue in this case. *Id.* Notably, the same section of the Pretrial Procedures also states that a typical case in the Norfolk division "[f]rom start (when the complaint is filed) to finish (when trial begins) . . . will be set for trial 18 to 22 weeks (roughly five to six months) after the case is filed." *Id.* at 6.

Although Defendant's Motion to Set Aside Default, indeed, argues the opposite of what is reflected in the Local Rules, Court's Procedures, and the Pretrial Procedures—while arrogantly asserting that it is instead Plaintiff who "rests on a flawed reading of this District's Local Rules," (Def. Resp. at 3) (ECF 17)—Defendant strikes a very different tone in its Notice Regarding Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Defendant's Notice") (ECF No. 18), which was filed moments before Defendant's Motion to Set Aside Default. In the notice, Defendant subtly includes in the first footnote: "To the extent the Court intended by its Order (ECF No. 3) to have counsel file this Notice by a specific deadline, undersigned counsel accepts responsibility for and apologizes for the delay in having done so here, which was inadvertent." *Id.*

Defendant's Notice also reflects that Defendant "desires a ruling based upon the briefs alone (without oral argument) as to its Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 12)" and that Defendant's counsel "attempted to confer with Plaintiff's counsel by both email and telephone but received no response prior to filing this Notice." *Id.* Again, these representations are wholly disingenuous and an attempt to deliberately mislead the Court into

12

believing Defendant has at least tried to satisfy the requirements in Local Rule 7(E), which is flat-out false. At approximately 4:00 p.m. on Friday, January 19, 2024, Plaintiff's Request for Default was filed—after Plaintiff's counsel had not received an email or phone call from Defendant's counsel in nearly five months and prior to Defendant having filed its since-withdrawn Motion to Dismiss.

At approximately 5:15 p.m. on Saturday, January 20, 2024, Defendant's counsel emailed Plaintiff's counsel advising in relevant part: "Judge Allen's Procedures for Civil Motions (ECF No. 3) does not impose a deadline for the moving party to 'advise the Clerk's Office by 'Notice' whether a ruling or determination based upon the briefs alone . . . is desired. Given these circumstances, we will promptly file such a Notice with the Clerk. Since you did not request oral argument in your Opposition to CNN's Motion to Dismiss the FAC (ECF No. 15), we presume Plaintiff agrees with CNN that the motion to dismiss can and should be decided on the papers. If that is incorrect, however please inform us by Noon on Monday, January 22, and we will include your position in the Notice." Jan. 20, 2024, Jay Brown Email to Don Hodson. By the time Plaintiff's counsel sent a response email at around 1:20 p.m. on January 22, 2024—by which point a secretary for one of Plaintiff's attorneys confirmed receiving a call from Defendant's counsel before noon, Defendant had filed its Notice and Motion to Set Aside Default. In short, this hardly satisfies the meet-and-confer requirement in Local Rule 7(E) or even a good-faith attempt to do so especially when Defendant's Motion to Dismiss was already withdrawn.

Nonetheless, Defendant's Motion to Set Aside Default makes clear that Defendant refuses any responsibility for the delay caused by Defendant's own failure to follow Local Rule 7(E). This is despite Defendant's withdrawn Motion to Dismiss even certifying compliance with Local Rule 7(E) and Defendant's counsel acknowledging in his January 20, 2024, email sent to Plaintiff's

counsel that Defendant's counsel is aware of these requirements, but supposedly due to misinterpreting Local Rule 7(E) as imposing no deadline for disposing of the Motion to Dismiss, intentionally sat on that filing for months under the impression that Defendant could slow-walk this litigation indefinitely based on this Court's Procedures.

Moreover, Defendant's Motion to Set Aside Default assumes this position while conveniently omitting that Defendant filed a Proposed Order with its withdrawn motion that specifically states: "Upon consideration of the Motion by Defendant Cable News Network, Inc. to Dismiss Plaintiff's Amended Complaint (the "Motion"), any opposition and/or reply filed in connection therewith, **and the argument of counsel**, it is hereby ORDERED that the Motion is GRANTED . . . ." Aug. 28, 2023, Def. Proposed Ord. (ECF No. 12-4). In other words, Defendant argues that it is somehow Plaintiff's fault that this litigation has been significantly delayed and "waived" the right to move for default despite Defendant's own failure to file any responsive pleadings or defend this action, which stem from Defendant's alleged confusion about the rules and procedures in this Court—despite Defendant unilaterally removing this case to the Eastern District of Virginia last year.

Defendant's prior filings also make clear that Defendant's counsel knew about the requirements in Local Rule 7(E), that Defendant signaled to the Court and to Plaintiff's counsel in its Proposed Order that the withdrawn Motion to Dismiss would be decided based on "the argument of counsel," and—most significantly—that Defendant's counsel admits Defendant deliberately sat on the withdrawn motion for nearly five months because Defendant believed this Court's Procedures negated the 30-day time limit imposed by Local Rule 7(E). Stated another way, Defendant admittedly engaged in dilatory tactics and otherwise intentionally kept Plaintiff's lawsuit in a holding pattern after filing its withdrawn Motion to Dismiss on August 28, 2023.

## CONCLUSION

In short, Defendant has not satisfied the first prong of the *Payne* analysis, which is dispositive under these circumstances. Additionally, Plaintiff suffered significant prejudice as his claims arise from Defendant's defamatory publication of an online news article that remains posted on Defendant's website, which is accessed by hundreds of millions of internet users each day who can and have both read this article during the pendency of this case as well as shared it on other online platforms. Moreover, because knowingly caused this harm by deliberately sitting on the filing now at issue, the Payne factors weigh in favor of the Court directing the clerk to enter a default against Defendant in this action.

**WHEREFORE**, Plaintiff, Jacob Hiles, respectfully requests the Court deny and/or strike Defendant, Cable News Network, Inc.'s, Response to Plaintiff's Request for Entry of Default ("Motion to Set Aside Default") and direct the clerk of this court to enter a default against Defendant, in addition to any other relief deemed just and proper.

Dated:  January 28, 2024

Respectfully submitted,

| | |
|---|---|
| **BUSH & TAYLOR, P.C.** | **HODSON LAW FIRM | PLLC** |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| 4445 Corporation Lane | 1110 Brickell Avenue, Suite 430 |
| Virginia Beach, Virginia 23462 | Miami, Florida 33131 |
| Tel: (757) 213-6846 | Tel: (305) 704-9580 |
| Fax: (757) 935-5533 | Fax: (305) 704-9582 |
| alex@bushtaylor.com | don@hodsonlawfirm.com |
| | |
| By: /s/ Alexander H. Bell | By: /s/ Donald J. Hodson |
| **ALEXANDER H. BILL** | **DONALD J. HODSON** |
| Virginia Bar No. 84859 | Florida Bar No. 120256 |

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court this 28th day of January 2024 and electronically served via the Court's e-filing system on the following individual(s): Jay Ward Brown, Esq., Ballard Spahr, LLP, 1909 K Street NW, 12th Floor, Washington, D.C., 20006, brownjay@ballardspahr.com, miskinm@ballardspahr.com, and russelll@ballardspahr.com.

By: /s/ Alexander H. Bell
**ALEXANDER H. BELL**